No. 24-6072

# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

ANDREW BRIDGE, *et al.*,

*Plaintiffs-Appellants*,

v.

OKLAHOMA STATE DEPARTMENT OF
EDUCATION, *et al.*,

*Defendants-Appellees*.

On Appeal from the United States District Court
for the Western District of Oklahoma
Case No. 5:22-CV-787-JD, The Honorable Judge Jodi Dishman

## CORRECTED SCHOOL DEFENDANTS-APPELLEES'
## JOINT RESPONSE TO MOTION TO STRIKE

| | |
|---|---|
| Kent B. Rainey, OBA 14619 | Laura L. Holmes, OBA 14748 |
| Alison A. Parker, OBA 20741 | Justin C. Cliburn, OBA 32223 |
| Adam T. Heavin, OBA 34966 | THE CENTER FOR EDUCATION LAW, P.C. |
| ROSENSTEIN, FIST & RINGOLD | 900 N. Broadway, Suite 300 |
| 525 South Main, Suite 700 | Oklahoma City, Oklahoma 73102 |
| Tulsa, Oklahoma 74103 | (405) 528-2800 |
| (918) 585-9211 | lholmes@cfel.com |
| borainey@rfrlaw.com | jcliburn@cfel.com |
| aparker@rfrlaw.com | |
| adamheavin@rfrlaw.com | |

*Counsel for School Defendants-Appellees*

# INTRODUCTION

The School Defendants hereby respond to *Plaintiffs-Appellants' Motion to Strike* (the "Motion") and ask the Court to deny all relief requested therein. Plaintiffs object to the *Supplemental Appendix of the School Defendants-Appellees* ("Supplemental Appendix") because they believe it contains materials that are not relevant to the issue on appeal. Plaintiffs' request should be denied because the briefing contained in the Supplemental Appendix is not only relevant to the issue of whether Plaintiffs failed to state a claim for relief but is also helpful to the Court in addressing the argument the School Defendants raise on appeal.

As is discussed at length in the *Joint Opening Brief of the School Defendants-Appellees* ("School Defendants' Brief"), this Court may affirm the district court's dismissal of the claims against the School Defendants for alternative reasons, even if those reasons were not considered by the district court. *See* School Defendants' Brief, at 12–16. A plain reading of the four corners of the *Complaint* leads to the conclusion that the School Defendants must be dismissed from this action, regardless of the decision reached by this Court with regard to the State Defendants.

This result is necessitated by the fact that Plaintiffs cannot show final policymaking authority or sex discrimination on the part of the School Defendants, which merely obeyed mandatory State law. The School Defendants did not file a motion to dismiss in the district court. However, they did assert affirmative defenses on this issue and filed a joint response to *Plaintiffs' Motion for Preliminary Injunction and Supporting Memorandum of Law* ("Preliminary Injunction Motion") in which these arguments were more fully set forth. As a result, the briefing related to the Preliminary Injunction Motion, in addition to the School Defendants' Answers, is a necessary part of the record that this Court should consider on appeal.

This Court may affirm the district court's dismissal of the School Defendants for reasons differing from those relied on by the district court, so long as "there is a record sufficient to permit conclusions of law[.]" *U.S. v. Sandoval*, 29 F.3d 537, 542 n.6 (10th Cir. 1994) (quoting *Medina v. City & Cty. of Denver*, 960 F.2d 1493, 1495 n.1 (10th Cir. 1992)). The School Defendants' arguments made in response to the Preliminary Injunction Motion are instructive to this Court, as they provide alternative bases for reaching the inevitable conclusion that Plaintiffs failed to state a claim

for relief against the School Defendants. As such, the Preliminary Injunction Motion, and all related pleadings and exhibits, are necessary materials for this Court to review on appeal.

### I. *The Federal Rules of Appellate Procedure and Tenth Circuit Rules Regarding the Record on Appeal and Appendices*

Rule 10 of the Federal Rules of Appellate Procedure ("FRAP") provides that the record on appeal is composed of: "(1) the original papers and exhibits filed in the district court; (2) the transcript of proceedings, if any; and (3) a certified copy of the docket entries prepared by the district clerk." The term "original papers" encompasses *all* pleadings and exhibits filed in the district court.[1]

Rule 30(a)(1) of the FRAP provides that "[t]he appellant must prepare and file an appendix to the briefs containing: (A) the relevant docket entries in the proceedings below; (B) the relevant portions of the pleadings, charge, findings, or opinion; (C) the judgment, order, or

---

[1] *See* OFFICE OF THE CLERK, PRACTITIONER'S GUIDE TO THE UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT, at 24 (13th ed. 2024), https://www.ca10.uscourts.gov/sites/ca10/files/documents/downloads/2024PracGuideUpdate-13thEdition.pdf (explaining "the record on appeal includes, and the court of appeals may examine, anything filed in the district court.").

decision in question; and (D) **other parts of the record to which the parties wish to direct the court's attention**." (emphasis added).

This Court's rules similarly provide that "[c]ounsel must designate a record on appeal or prepare an appendix that is sufficient for considering and deciding the appellate issues. Only essential parts of the district court record should be designated for the record on appeal." 10th Cir. R. 10.4(A). Furthermore, Rule 10.4(D)(4) provides that "**[o]ther items**, such as trial exhibits and transcript excerpts, **must be included when they are relevant to an issue raised on appeal and are referred to in the brief.**" (emphasis added).

Rule 10.4(E) states that certain items should be excluded from the record on appeal "unless they are relevant to the issues on appeal." As such, Rules 10.4(D)(4) and (E) work in tandem, with the underlying standard being a determination of whether the materials are *relevant* to the issues raised on appeal.

Relevance is in the eye of the beholder. Plaintiffs' statement of issues raises a broad question: "Did the district court err in dismissing Plaintiffs' Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) and 12(c)?" The School Defendants assert that there are alternative bases

for dismissing Plaintiffs' claims against the School Defendants, notwithstanding the issues ultimately relied upon by the district court.

Namely, the Plaintiffs' *Complaint* contains a fatal flaw, which the Preliminary Injunction Motion and related briefing call into question. How can the School Defendants be held liable for obeying mandatory State laws? The School Defendants ask the Court to find that they cannot be liable based on arguments that were made (and responded to) in briefing related to the Preliminary Injunction Motion. Thus, the materials included in the Supplemental Appendix are relevant and important to the Court's determination of the issue on appeal.

## II. *The School Defendants Ask the Court to Rule Based on the Four Corners of the Complaint*

Plaintiffs are mistaken in suggesting the School Defendants "assert[ed] that, when testing the sufficiency of Plaintiffs-Appellants' complaint, 'the motion for preliminary injunction may, and should, be considered by this Court[.]" <u>Motion</u>, at 4. The mistake arises, at least in part, from Plaintiffs' decision to quote the School Defendants out of context. Plaintiffs quote a portion of the School Defendants' brief where, after establishing that this Court may affirm the district court's dismissal on alternative grounds, the School Defendants noted that the *arguments*

made in "response to the motion for preliminary injunction may, and should, be considered by this Court." School Defendants' Brief, at 14.

The School Defendants do not dispute that this Court must look to the four corners of the *Complaint* in determining whether dismissal of the School Defendants is appropriate. The School Defendants' response to the Preliminary Injunction Motion is simply the part of the record where the School Defendants addressed their affirmative defenses that complying with State law does not equate to final policymaking or sex discrimination—and thus demonstrates that the *Complaint* does not state cognizable claims against the School Defendants. And, as mentioned previously, this Court may affirm dismissal so long as "there is a record sufficient to permit conclusions of law[.]" *Sandoval*, 29 F.3d at 542 n.6. To the extent the School Defendants cite materials outside the *Complaint* itself (*i.e.*, affidavits attached to the response to the Preliminary Injunction Motion), these materials are necessary so that the Court has the entirety of the record rather than piecemeal and selected portions of the parties' filings. Additionally, the affidavits attached to the School Defendants' response to the Preliminary Injunction Motion quantify the 5% decrease in state funding for the fiscal

year following the year of noncompliance to underscore the coercive effect that Plaintiffs themselves acknowledge in the *Complaint.* Complaint, App'x at 13, ¶ 6, 28, ¶¶ 56–57.

The loss of funding and consequences referenced in School Defendants' affidavits reinforce—not contradict—the Plaintiffs' own factual averment that "[f]or Oklahoma schools, particularly those that are already underfunded and forced to limit or cut vital programs and services for students year after year, any decrease in state funding is unpalatable." *See* Complaint, App'x at 28, ¶ 56.

Each of the affidavits cited by School Defendants includes an attachment, either a *Notice of Allocation of State Aid to Districts* or a *State Aid Calculation Sheet*—either of which is a public record—that quantifies the prospective state aid penalty faced by the School Defendants (*i.e.*, in the case of Harding Charter School District, 5% of $4,486,155.23 = $221,271.08) should they fail to comply with SB 615. To the extent the Court's ruling on the merits is aided by the calculations referenced in the affidavits, the Court can take judicial notice of the public records attached thereto. *See Friends of Animals v. Bernhardt*, 15

F.4th 1254, 1263 n.5 (10th Cir. 2021) (citing *United States v. Burch*, 169 F.3d 666, 671 (10th Cir. 1999)).

Furthermore, the statements in the affidavits regarding possible consequences of a 5% reduction in state funding are self-evident "[f]or Oklahoma schools, particularly those that are already underfunded **and forced to limit or cut vital programs and services for students year after year[.]**" <u>Complaint</u>, App'x at 28, ¶ 56 (emphasis added); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (clarifying that determination of "whether a complaint states a plausible claim for relief will [] be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."). Common sense and the Plaintiffs' own factual averments show that the affidavits support—rather than oppose—the allegations contained within the four corners of the *Complaint*.

Judicial notice and common sense are alternative routes by which the Court could reach the same conclusions referenced in the affidavits, all of which support the dismissal of the School Defendants based on the Plaintiffs' own factual averments.

# CONCLUSION

The Supplemental Appendix contains necessary, relevant materials for this Court's determination of whether the dismissal of the School Defendants should be affirmed on appeal. For this reason, the School Defendants respectfully request that the Court deny *Plaintiffs-Appellants' Motion to Strike* the Supplemental Appendix and consider the materials contained therein when ruling on the merits of the case.

**Respectfully submitted,**

*s/ Adam T. Heavin*
Kent B. Rainey, OBA 14619
Alison A. Parker, OBA 20741
Adam T. Heavin, OBA 34966
ROSENSTEIN, FIST & RINGOLD
525 South Main, Suite 700
Tulsa, Oklahoma 74103
(918) 585-9211
borainey@rfrlaw.com
aparker@rfrlaw.com
adamheavin@rfrlaw.com

***Counsel for Moore School District and Noble School District***

*s/ Laura L. Holmes*
Laura L. Holmes, OBA 14748
Justin C. Cliburn, OBA 32223
THE CENTER FOR EDUCATION LAW, P.C.
900 N. BROADWAY, SUITE 300
Oklahoma City, Oklahoma 73102
(405) 528-2800
lholmes@cfel.com
jcliburn@cfel.com

***Counsel for Oklahoma City School District and Harding Charter School District***

**CERTIFICATE OF DIGITAL SUBMISSION**

I hereby certify that a copy of the foregoing Corrected Appellee's Response to Motion to Strike, as submitted in Digital Form via the court's ECF system, is an exact copy of the written document filed with the Clerk and has been scanned for viruses with the commercial virus scanning software Cynet, version 4.14.1.12275, last updated on October 23, 2024, and according to the program is free of viruses. In addition, I certify all required privacy redactions have been made.

*s/ Adam T. Heavin*
Adam T. Heavin

# CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2024, I electronically transmitted the attached document to the Clerk of the Tenth Circuit Court using the Electronic Case Filing System for filing. Based on the records currently on file in this case, the Clerk of the Tenth Circuit Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

*s/ Adam T. Heavin*
Adam T. Heavin

## CERTIFICATE OF COMPLIANCE

I certify that this brief is proportionally spaced in Century Schoolbook font, 14-point type, and contains 1,624 words, which is less than the maximum number allowed by the rules of this Court. I relied on my word processor (Microsoft Word) to obtain the count.

*s/ Adam T. Heavin*
Adam T. Heavin
