No. 24-6072

# UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT

ANDREW BRIDGE, *et al.*,

*Plaintiffs-Appellants*,

v.

OKLAHOMA STATE DEPARTMENT OF EDUCATION, *et al.*,

*Defendants-Appellees*.

On Appeal from the United States District Court
for the Western District of Oklahoma
Case No. 5:22-CV-787-JD, The Honorable Judge Jodi Dishman

## SCHOOL DEFENDANTS-APPELLEES' REPLY IN SUPPORT OF MOTION SEEKING LEAVE TO FILE SUR-REPLY AND OBJECTION TO PLAINTIFFS-APPELLANTS' ALTERNATIVE MOTION SEEKING LEAVE TO FILE SUR-SURREPLY

Kent B. Rainey, OBA 14619
Alison A. Parker, OBA 20741
Adam T. Heavin, OBA 34966
ROSENSTEIN, FIST & RINGOLD
525 South Main, Suite 700
Tulsa, Oklahoma 74103
(918) 585-9211
borainey@rfrlaw.com
aparker@rfrlaw.com
adamheavin@rfrlaw.com

Laura L. Holmes, OBA 14748
Justin C. Cliburn, OBA 32223
THE CENTER FOR EDUCATION LAW, P.C.
900 N. Broadway, Suite 300
Oklahoma City, Oklahoma 73102
(405) 528-2800
lholmes@cfel.com
jcliburn@cfel.com

*Counsel for School Defendants-Appellees*

# INTRODUCTION

Plaintiffs-Appellants raise new arguments in their reply in support of their opening brief and ask the Court to deny the School Defendants an opportunity to respond.

Their request should be denied because it is based on a fundamental misapplication of the Court's waiver case law. Their theory goes: (1) the School Defendants waived arguments by failing to properly present them in the lower court; therefore (2) the School Defendants' inclusion of the arguments in their opening brief was improper; thus (3) in reply, Plaintiffs-Appellants merely responded to "unanticipated,"[1] improperly raised arguments; and, consequently, (4) the School Defendants should not be "reward[ed]" by being allowed to respond to Plaintiffs-Appellants' newly raised arguments. Dkt. No. 161, at 3. Their proffered theory fails at the first step.

---

[1] The idea that School Defendants caught Plaintiffs-Appellants unawares by "unanticipated arguments", *see* Dkt. No. 161, at 3, strains credulity. Plaintiffs-Appellants not only saw the School Defendants' arguments in the district court, *see* School Defendants' Response to Preliminary Injunction Motion, Supp. App'x, at 504–47, but they also responded to them. *See* Plaintiffs' Reply in Support of Preliminary Injunction Motion, Supp. App'x, at 771–73.

## PROPOSITION I

## **The School Defendants Have Not Waived Any Arguments**

Plaintiffs-Appellants contend the School Defendants "waived" their arguments on appeal by not raising them below. *See* <u>Plaintiffs-Appellants' Opposition to School Defendants-Appellees' Motion to File Surreply</u>, Dkt. No. 161, at 2; <u>Reply</u>, Dkt. No. 156, at 31. To support this proposition, Plaintiffs-Appellants cite cases dealing with waiver by *appellants*, **not** waiver by *appellees*. *See* <u>Reply</u>, Dkt. No. 156, at 31 (citing *Estrada v. Smart*, 107 F.4th 1254, 1271 (10th Cir. 2024), *Throupe v. Univ. of Denver*, 988 F.3d 1243, 1254 (10th Cir. 2021), and *Gale v. City & Cty. of Denver*, 962 F.3d 1189, 1194 (10th Cir. 2020)).[2] This is a fundamental error, upon which their entire argument is built.

*Estrada*, *Throupe*, and *Gale* teach that an ***appellant*** waives an argument for reversal if they fail to raise it in the district court. In each case, the appellant attempted to raise a new argument for the first time

---

[2] The School Defendants address case law cited in Plaintiffs-Appellants' reply brief, Dkt. No. 156, at 31, because it is the sole authority on which their "waiver" argument relies. They now assert "waiver" as the foundation of their request that the Court deny School Defendants the chance to respond to new arguments raised for the first time in Plaintiffs-Appellants' reply brief. Dkt. No. 161, at 2–3.

on appeal, and the Court held the arguments were waived. *See Estrada*, 107 F.4th at 1271; *Throupe*, 988 F.3d at 1254; *Gale*, 962 F.3d at 1194.

As these cases demonstrate, the Court consistently looks to the standard set forth in *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1128 (10th Cir. 2011), to determine whether an appellant has "waived" an argument on appeal.[3] In *Richison*, this Court emphasized that it is reluctant to ***reverse*** a district court based on an argument that an ***appellant*** did not raise below. 634 F.3d at 1130 (holding appellate courts do not "serve as 'a second-shot forum . . . where secondary, back-up theories may be mounted for the first time.'" (quoting *Tele-Communications*) (ellipsis in original). By contrast, then-Judge Gorsuch clarified in *Richison* that:

---

[3] To support its finding of waiver, the *Estrada* Court cites *Havens v. Colo. Dep't of Corr.*, 897 F.3d 1250, 1259 (10th Cir. 2018), which cites *Richison*. The *Throupe* Court likewise cites *Richison* for the proposition that an appellant waived their argument. The *Gale* Court does not cite *Richison* but nonetheless applies the same analysis and reaches the same conclusion—an appellant waives an argument for reversal by failing to raise it below. *See Gale*, 962 F.3d at 1194 (quoting *Tele-Communications, Inc. v. Comm'r of Internal Rev.*, 104 F.3d 1229, 1233 (10th Cir. 1997), for the proposition that "[p]ropounding new arguments on appeal in an attempt to prompt us to reverse the trial court undermines important judicial values" and reiterating this Court is not "a 'second-shot' forum[.]").

> This reluctance to command do-overs in the district court is also why we treat arguments for *affirming* the district court differently than arguments for *reversing* it. We have long said that we may affirm on any basis supported by the record, even if it requires ruling on arguments not reached by the district court or even presented to us on appeal. This preference for affirmance no doubt follows from the deference we owe to the district courts and the judgments they reach, many times only after years of involved and expensive proceedings. Because of the cost and risk involved anytime we upset a court's reasoned judgment, we are ready to affirm whenever the record allows it. So it is that appellants must always shoulder a heavy burden—they must come ready *both* to show the district court's error and, when necessary, to explain why no other grounds can support affirmance of the district court's decision.

634 F.3d at 1130 (emphasis in original) (internal citations omitted).[4]

The School Defendants do not ask the Court to *reverse*. The School Defendants ask the Court to *affirm*. As such, the waiver cases cited by Plaintiffs-Appellants are distinguishable and irrelevant.

The School Defendants have not waived their arguments on appeal. Even if the School Defendants *never* raised their arguments, either in the district court or on appeal, this Court nonetheless remains "ready to

---

[4] Plaintiffs-Appellants reference the seminal *Richison* case only once, relegating it to a footnote, but nonetheless acknowledge that *Richison* discussed a procedural posture opposite this case. *See* Reply, Dkt. No. 156, at 35 n.14 (noting *Richison* dealt with waiver by appellant seeking to "*reverse* (not affirm) the district court's order based on a legal theory he raised only on appeal." (emphasis and parenthetical in original)).

affirm whenever the record allows it." *Richison*, 634 F.3d at 1130. This is true even if affirmance "requires ruling on arguments **not reached by the district court**." *Id.* (emphasis added).

Contrary to Plaintiffs-Appellants' claims of waiver, the School Defendants have simply presented the Court with valid, alternative bases on which to affirm their dismissal from this case. In reply, Plaintiffs-Appellants' raised arguments never-before-heard in this litigation. They argue that School Defendants: (1) waived their arguments on appeal; (2) are liable for Equal Protection violations, at least in part because of the Supremacy Clause; and (3) are liable under Title IX, at least in part because of the Supremacy Clause. Furthermore, they argue that Oklahoma City School District can be held liable under Title IX because it provides "significant assistance" to Harding Charter School District by virtue of sponsoring it.

The School Defendants understand Plaintiffs-Appellants' motive for raising new arguments in their reply brief, given "they must come ready *both* to show the district court's error and, when necessary, to explain why no other grounds can support affirmance of the district court's decision." *Id.* (emphasis in original). The School Defendants

merely request the Court grant them leave so they can address the newly-raised arguments, which include assertions of the Supremacy Clause and other arguments not raised elsewhere in this litigation.

In terms of the standard to be applied, School Defendants agree with the test that Plaintiffs-Appellants suggest. Plaintiffs-Appellants apparently recognize that leave should be granted where "the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." Plaintiffs-Appellants' Opposition to School Defendants-Appellees' Motion to File Surreply, Dkt. No. 161, at 2 (quoting *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001)). However, they disagree that leave should be granted here, instead arguing it is the School Defendants' own fault they "waived" their arguments on appeal, so they should not be rewarded with a sur-reply. *See id.* at 2–3. This misses the point and, again, relies on the mistaken premise that School Defendants waived their arguments.

Plaintiffs-Appellants cite *Hicks* for the proposition that an appellee raising unanticipated arguments on appeal is a practice that is "punished," but *Hicks* stands for no such proposition. *See Hicks v. Gates Rubber Co.*, 928 F.2d 966, 970–71 (10th Cir. 1991). *Hicks*, like every other

case Plaintiffs-Appellants cite, teaches that an ***appellant*** waives their arguments in favor of ***reversal*** by failing to raise them below. *Id.* But again, the School Defendants are not appellants and did not "waive" arguments as Plaintiffs-Appellants claim. To the extent *Hicks* is instructive here, it favors the School Defendants since it instructs that "[i]t is also unfair to the opponent if ***one*** party is allowed to argue an issue not raised in the trial forum."[5] *Id.* at 970 (emphasis added).

Plaintiffs-Appellants ask that they be the only party allowed to address issues raised for the first time on appeal. In their reply brief, Plaintiffs-Appellants had the opportunity to address the School Defendants' arguments. *See* <u>Reply</u>, Dkt. No. 156, at 30–47. However, in so doing, they also raised new arguments that have **<u>never</u>** been briefed in this litigation. School Defendants would be unfairly prejudiced if they are denied the opportunity to respond.

---

[5] The *Hicks* factors reiterate the same judicial values that would later be solidified in *Richison*. *See Richison*, 634 F.3d at 1130. *Hicks* counsels against appellants treating this Court as a second-shot forum when seeking reversal, not against appellees seeking to affirm a lower court's decision on alternative grounds. 928 F.2d at 970–71.

# PROPOSITION II

## **Plaintiffs Should Not Be Granted Leave to File a Sur-Surreply**

Lastly, Plaintiffs-Appellants claim that granting them "a reciprocal opportunity to address novel issues comports with the policy of fairness that underwrites appellate procedure." Plaintiffs-Appellants' Opposition to School Defendants-Appellees' Motion to File Surreply, Dkt. No. 161, at 4 (citing *Princess Cruises, Inc. v. United States*, 397 F.3d 1358, 1361 (Fed. Cir. 2005)). *Princess Cruises* is not only non-precedential in this Court, but it is also completely inapplicable. There, the Federal Circuit addressed a troubling practice of appellees/cross-appellants using their reply brief in support of their cross-appeal as an improper mechanism for filing a sur-reply in response to the appellant. *Princess Cruises*, 397 F.3d at 1361. Clearly this is not the issue here, as there are no cross-appeals.

Ironically, Plaintiffs-Appellants' argue granting them leave to file a sur-surreply "comports with the policy of fairness that underwrites appellate procedure." *Id.* Exacerbating the irony, they suggest the "need for finality in litigation and conservation of judicial resources" dictates that School Defendants' motion for leave to file a sur-reply must be denied, while they simultaneously ask the Court for leave to file a sur-

surreply. *Id.* at 5 (quoting *Hicks*, 928 F.2d at 971). The School Defendants only seek leave to respond to arguments never before raised in this litigation. Plaintiffs-Appellants' request is different. They seek leave to file a sur-surreply to address their own newly raised arguments for a *second* time. Their request should be denied.

## CONCLUSION

The School Defendants request the Court grant them leave to file a sur-reply and deny Plaintiffs-Appellants a second bite at the apple.

**Respectfully submitted,**

| | |
|---|---|
| s/ *Adam T. Heavin* | s/ *Laura L. Holmes* |
| Kent B. Rainey, OBA 14619 | Laura L. Holmes, OBA 14748 |
| Alison A. Parker, OBA 20741 | Justin C. Cliburn, OBA 32223 |
| Adam T. Heavin, OBA 34966 | THE CENTER FOR EDUCATION LAW, P.C. |
| ROSENSTEIN, FIST & RINGOLD | 900 N. BROADWAY, SUITE 300 |
| 525 South Main, Suite 700 | Oklahoma City, Oklahoma 73102 |
| Tulsa, Oklahoma 74103 | (405) 528-2800 |
| (918) 585-9211 | lholmes@cfel.com |
| borainey@rfrlaw.com | jcliburn@cfel.com |
| aparker@rfrlaw.com | |
| adamheavin@rfrlaw.com | ***Counsel for Oklahoma City*** |
| | ***School District and Harding*** |
| ***Counsel for Moore School*** | ***Charter School District*** |
| ***District and Noble School*** | |
| ***District*** | |

# CERTIFICATE OF DIGITAL SUBMISSION

I hereby certify that a copy of the foregoing *School Defendants-Appellees' Reply in Support of Motion Seeking Leave to File a Sur-reply and Objection to Plaintiffs-Appellants' Alternative Motion Seeking Leave to File Sur-Surreply*, as submitted in Digital Form via the court's ECF system, has been scanned for viruses with the commercial virus scanning software Cynet, version 4.14.1.12275, last updated on November 22, 2024, and according to the program is free of viruses. In addition, I certify all required privacy redactions have been made.

*s/ Adam T. Heavin*
Adam T. Heavin

# CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2024, I electronically transmitted the attached document to the Clerk of the Tenth Circuit Court using the Electronic Case Filing System for filing. Based on the records currently on file in this case, the Clerk of the Tenth Circuit Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

*s/ Adam T. Heavin*
Adam T. Heavin

# **CERTIFICATE OF COMPLIANCE**

I certify that this motion is proportionally spaced in Century Schoolbook font, 14-point type, and contains 1,825 words, which is less than the maximum number allowed by the rules of this Court. I relied on my word processor (Microsoft Word) to obtain the count.

*s/ Adam T. Heavin*
Adam T. Heavin
