No. 24-6072

# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

Andrew Bridge, *et al.*,

        *Plaintiffs-Appellants*,

v.

Oklahoma State Department of Education, *et al.*,

        *Defendants-Appellees*.

On Appeal from the United States District Court
for the Western District of Oklahoma
Case No. 5:22-CV-787-JD, The Honorable Judge Jodi Dishman

## JOINT SUPPLEMENTAL BRIEF OF THE
## SCHOOL DEFENDANTS-APPELLEES

### ORAL ARGUMENT REQUESTED

Kent B. Rainey, OBA 14619
Alison A. Parker, OBA 20741
Adam T. Heavin, OBA 34966
Rosenstein, Fist & Ringold
525 South Main, Suite 700
Tulsa, Oklahoma 74103
(918) 585-9211
borainey@rfrlaw.com
aparker@rfrlaw.com
adamheavin@rfrlaw.com

Laura L. Holmes, OBA 14748
Justin C. Cliburn, OBA 32223
The Center for Education Law, P.C.
900 N. Broadway, Suite 300
Oklahoma City, Oklahoma 73102
(405) 528-2800
lholmes@cfel.com
jcliburn@cfel.com

*Counsel for School Defendants-Appellees*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................... iii

INTRODUCTION ..................................................................................... 1

ARGUMENT ............................................................................................. 1

    *SKRMETTI*'S DEFERENCE TO STATE LEGISLATURES, AND THE
    PRESUMPTIVE VALIDITY OF STATE LAWS .............................................. 1

CONCLUSION .......................................................................................... 7

CERTIFICATE OF COMPLIANCE ......................................................... 9

CERTIFICATE OF DIGITAL SUBMISSION ....................................... 10

CERTIFICATE OF SERVICE ............................................................... 11

# **TABLE OF AUTHORITIES**
**Page(s)**

**Federal Cases**

*Hunter v. Pittsburgh,*
  207 U.S. 161, 178, 28 S. Ct. 40 (1907) ...................................................................5

*Large v. Fremont Cty., Wyo.,*
  670 F.3d 1133 (10th Cir. 2012) .............................................................................5

*Monell v. Dep't of Soc. Servs. of City of N.Y.,*
  436 U.S. 658, 98 S. Ct. 2018 (1978) ......................................................................6

*Qwest Corp. v. City of Santa Fe,*
  380 F.3d 1258, 1268 (10th Cir. 2004) ...................................................................5

*Ralls Cty. Court v. United States,*
  105 U.S. 733, 737 (1881) .......................................................................................5

*Save Palisade FruitLands v. Todd,*
  279 F.3d 1204, 1207 (10th Cir. 2002) ...................................................................6

*United Bldg. & Constr. Trades Council of Camden Cty. & Vicinity v. Mayor of Camden,*
  465 U.S. 208, 215, 104 S. Ct. 1020 (1984) ............................................................5

*United States v. Skrmetti,*
  145 S. Ct. 1816 (2025) ...........................................................................................2

**State Statutes**

OKLA. STAT. tit. 51, § 36.1 .............................................................................................4

OKLA. STAT. tit. 51, § 36.2A ..........................................................................................4

OKLA. STAT. tit. 70, § 1-125 ...................................................................................... 2, 3

OKLA. STAT. tit. 74, § 18b ................................................................................... 3

**Federal Rules**

FED. R. CIV. P. Rule 12 ........................................................................................ 1

**State Regulations**

OKLA. ADMIN. CODE 210:35-3-186 ........................................................................ 3

# INTRODUCTION

Per this Court's Order, the Defendants-Appellees, Independent School District No. 2 of Cleveland County, Oklahoma, a/k/a Moore Public Schools, Independent School District No. 40 of Cleveland County, Oklahoma, a/k/a Noble Public Schools, Independent School District No. 89 of Oklahoma County, Oklahoma, a/k/a Oklahoma City Public Schools, and Harding Independence Charter District, Inc. (collectively referred to as the "School Defendants"), submit this joint supplemental brief to address the impact of the Supreme Court's *Skrmetti* decision on this appeal. Order, Dkt. No. 180 (10th Cir. June 25, 2025).

On appeal, Plaintiffs raise a single, broad issue—whether the district court erred in dismissing Plaintiffs' Complaint with prejudice pursuant to FED. R. CIV. P. 12(b)(6) and 12(c). Appellants' Opening Brief, at 4. The *Skrmetti* decision is instructive as to the Equal Protection Clause defense raised by the School Defendants.

# ARGUMENT

## *SKRMETTI*'S DEFERENCE TO STATE LEGISLATURES, AND THE PRESUMPTIVE VALIDITY OF STATE LAWS

The *Skrmetti* decision teaches that courts, as well as constituents, should respect the role of state legislatures in the democratic process and

abide by their laws, not openly flout them. After all, "as a general matter, **laws are presumed to be constitutionally valid**, and a legislative classification will be upheld 'so long as it bears a rational relation to some legitimate end.'" *United States v. Skrmetti*, 145 S. Ct. 1816, 1850 (2025) (Barrett, J., concurring) (emphasis added). Indeed, the *Skrmetti* Court went out of its way to recognize the critical role that state legislatures play when weighing competing policy interests to legislate on hot-button political issues. *Id.* at 1837. *Skrmetti* expressly acknowledged and reiterated that laws addressing important societal issues that carry with them "the weight of fierce scientific and policy debates," such as the one before this Court, must be left "to the people, their elected representatives, and the democratic process." *Id.*

The State Defendants defend the constitutionality and legality of Oklahoma Senate Bill 615, now codified at OKLA. STAT. tit. 70, § 1-125 ("SB 615"), on the merits of its text and, in their view, its compatibility rather than conflict with the United States Constitution's Equal Protection Clause and with Title IX of the Education Amendments of 1972. *See generally* Response Br. of State Defendants, Dkt. 121. The

2

School Defendants do not take a position on those issues, leaving the task of defending the State's law instead to the State's legal counsel.[1]

The School Defendants have repeatedly and consistently articulated why, regardless of this Court's finding as to the legality and/or constitutionality of SB 615, the School Defendants cannot be liable for merely obeying a compulsory State law. This is especially so where the State law coercively imposes significant punitive financial penalties for non-compliance. *See* Complaint, App'x at 28, ¶ 56.[2] This coercive effect is openly acknowledged by the Plaintiffs themselves, *id.* at 29, ¶ 57, and nowhere have Plaintiffs alleged the School Defendants took part in the

---

[1] The Attorney General has the statutory duty to "appear for the state and prosecute and defend all actions and proceedings in any of the federal courts in which the state is interested as a party[.]" OKLA. STAT. tit. 74, § 18b(A)(2).

[2] The law requires that: "Upon a finding of noncompliance . . . by the State Board of Education, the noncompliant school district or public charter school shall receive a five percent (5%) decrease in state funding for the school district or public charter school for the fiscal year following the year of noncompliance." OKLA. STAT. tit. 70, § 1-125(F). Other penalties include the creation of a cause of action for parents or legal guardians against noncompliant schools and the threat of adverse accreditation action. *See* OKLA. STAT. tit. 70, § 1-125(G); *see also* Okla. Admin. Code 210:35-3-186(h)(5).

3

legislative process that brought the State law to fruition. *See generally id.*

Furthermore, the governing boards of the School Defendants had no meaningful option but to implement the strictures of SB 615. As a precondition to any school board member qualifying to hold their respective elected office, they are required to take an oath affirming that they will support the laws of the United States, as well as the laws of the State of Oklahoma. *See* OKLA. STAT. tit. 51, § 36.1 (requiring school board members to take an oath of office) and § 36.2A (providing that the oath of office "shall be as follows: I do solemnly swear (or affirm) that I will support the Constitution and the laws of the United States of America and the Constitution and the laws of the State of Oklahoma[.]").

In the event a State law does impermissibly cross a line drawn by federal law or the United States Constitution, it is the job of courts to decide that it does so. It is not the role of those subject to the law to ignore the laws they disagree with or that they think may later be held unconstitutional. Taken to its logical conclusion, Plaintiffs' Supremacy Clause argument, *see* Plaintiffs' Reply Br., Dkt. No. 156, at 37–38, asks the Court to find an implied duty owed by all persons to disobey any State

4

law if they subjectively believe it later may be held unconstitutional. Plaintiffs seem to suggest the School Defendants—political subdivisions that derive their authority from the State that created them—should have openly disobeyed the laws of the State. The Court should reject this notion, because it ignores the presumptive validity of state laws recognized in *Skrmetti* and invites willful disobedience of State laws.

Further illustrating the point, this Court cautioned in *Large v. Fremont Cty., Wyo.*, 670 F.3d 1133 (10th Cir. 2012), that political subdivisions can only exercise the legislative authority granted by the State that created them. The Court reasoned that because a political subdivision is a "subordinate legislative entity[,] it is not inherently empowered to ignore or alter statutory requirements (and thus policy judgments) of the superior legislative body of the State[.]" *Id.* at 1147.[3]

---

[3] In reaching this conclusion, the *Large* Court relied on *United Bldg. & Constr. Trades Council of Camden Cty. & Vicinity v. Mayor of Camden*, 465 U.S. 208, 215, 104 S. Ct. 1020 (1984) ("[A] municipality is merely a political subdivision of the State from which its authority derives"); *Hunter v. Pittsburgh*, 207 U.S. 161, 178, 28 S. Ct. 40 (1907) ("The number, nature, and duration of the powers conferred upon [subordinate legislative entities] . . . rests in the absolute discretion of the state."); *Ralls Cty. Court v. United States*, 105 U.S. 733, 737 (1881) ("[O]rganizations for local government, by whatever name they may be called, have only such powers as the legislatures of their respective States see fit to delegate to them."); *Qwest Corp. v. City of Santa Fe*, 380

This logical conclusion follows as a corollary to the *Skrmetti* Court's deference to state legislatures. After all, if political subdivisions were empowered to ignore the laws of the State (whether due to policy disagreements or due to their perceived conflict with federal law), then the State's legislative policymaking authority would be significantly diminished. As such, the School Defendants must adhere to the presumptively constitutional SB 615 unless and until a court of competent jurisdiction finds that it violates federal law. Moreover, the School Defendants, through their respective boards, are required to comply with SB 615's legislative policy mandate lest they be subject to the severe financial penalties imposed by the State of Oklahoma.

For all the foregoing reasons, Plaintiffs' claim against the School Defendants, brought under *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 98 S. Ct. 2018 (1978), collapses in on itself because it is the

---

F.3d 1258, 1268 (10th Cir. 2004) (explaining that a State law can "den[y] a . . . . municipality the power to regulate a given subject"); *Save Palisade FruitLands v. Todd*, 279 F.3d 1204, 1207 (10th Cir. 2002) ("[C]ounties . . . are simply political subdivisions of the state government that possess only those functions that are granted to them by the constitution or by statute, along with implied powers necessary to carry those functions out.").

State of Oklahoma, not the School Defendants, who acted as final policymaker with respect to the edicts of SB 615.

## CONCLUSION

*Skrmetti* instructs that due deference should be given to state legislatures in the policymaking process. In the case at bar, the Oklahoma Legislature acted as the final policymaker regarding each of the School Defendants' bathroom policies. The Court should reject Plaintiffs' attempt to circumvent established *Monell* caselaw, and it should find that the School Defendants cannot be held liable as final policymakers simply because they complied with a compulsory State law that carries with it substantial penalties for non-compliance.

**Respectfully submitted,**

*s/Adam T. Heavin*
Kent B. Rainey, OBA 14619
Alison A. Parker, OBA 20741
Adam T. Heavin, OBA 34966
ROSENSTEIN, FIST & RINGOLD
525 South Main, Suite 700
Tulsa, Oklahoma 74103
(918) 585-9211
borainey@rfrlaw.com
aparker@rfrlaw.com
adamheavin@rfrlaw.com

*Counsel for Moore Public Schools and Noble Public Schools*

*s/Justin C. Cliburn*
Laura L. Holmes, OBA 14748
Justin C. Cliburn, OBA 32223
THE CENTER FOR EDUCATION LAW, P.C.
900 N. BROADWAY, SUITE 300
Oklahoma City, Oklahoma 73102
(405) 528-2800
lholmes@cfel.com
jcliburn@cfel.com

*Counsel for Oklahoma City Public Schools and Harding Charter School District*

8

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that:

1. This Supplemental Brief complies with the type-volume limitations of this Court's Order, dated June 25, 2025, providing that the parties' supplemental submissions shall be no longer than 15 pages in a 13- or 14-point font, because it contains 6 pages prepared in 14-point Century Schoolbook font. *See* Order, Dkt. 180 (10th Cir. June 25, 2025).

2. This Supplemental Brief complies with the typeface and type style requirements of Rule 32(a)(5) and (6) of the Federal Rules of Appellate Procedure and Tenth Circuit Rule 32(A) because this Supplemental Brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

*s/Adam T. Heavin*
Adam T. Heavin

## **CERTIFICATE OF DIGITAL SUBMISSION**

I hereby certify that a copy of the foregoing *Joint Supplemental Brief of the School Defendants-Appellees*, as submitted in Digital Form via the court's ECF system, has been scanned for viruses with the commercial virus scanning software Cynet, version 4.27.0.16746, last updated on August 1, 2025, and according to the program is free of viruses. In addition, I certify all required privacy redactions have been made.

*s/Adam T. Heavin*
Adam T. Heavin

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 4, 2025, I electronically transmitted the attached document to the Clerk of the Tenth Circuit Court using the Electronic Case Filing System for filing. Based on the records currently on file in this case, the Clerk of the Tenth Circuit Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

*s/Adam T. Heavin*
Adam T. Heavin
