No. 24-6072

UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

ANDREW BRIDGE, *et al.*,

*Plaintiffs-Appellants*,

v.

OKLAHOMA STATE DEPARTMENT OF
EDUCATION, *et al.*,

*Defendants-Appellees.*

On Appeal from the United States District Court
for the Western District of Oklahoma
Case No. 5:22-CV-787-JD, The Honorable Judge Jodi Dishman

JOINT SUPPLEMENTAL BRIEF OF THE
SCHOOL DEFENDANTS-APPELLEES

Kent B. Rainey, OBA 14619
Alison A. Parker, OBA 20741
Adam T. Heavin, OBA 34966
ROSENSTEIN, FIST & RINGOLD
525 South Main, Suite 700
Tulsa, Oklahoma 74103
(918) 585-9211
borainey@rfrlaw.com
aparker@rfrlaw.com
adamheavin@rfrlaw.com

Laura L. Holmes, OBA 14748
Justin C. Cliburn, OBA 32223
THE CENTER FOR EDUCATION LAW, P.C.
900 N. Broadway, Suite 300
Oklahoma City, Oklahoma 73102
(405) 528-2800
lholmes@cfel.com
jcliburn@cfel.com

*Counsel for School Defendants-Appellees*

## INTRODUCTION

Per the Court's Order, the Defendants-Appellees, Independent School District No. 2 of Cleveland County, Oklahoma, a/k/a Moore Public Schools, Independent School District No. 40 of Cleveland County, Oklahoma, a/k/a Noble Public Schools, Independent School District No. 89 of Oklahoma County, Oklahoma, a/k/a Oklahoma City Public Schools, and Harding Independence Charter District, Inc. (collectively referred to as the "School Defendants"), submit this joint supplemental brief to address the impact of the Supreme Court's *West Virginia v. B.P.J.* decision on this appeal. Order, Dkt. No. 180 (10th Cir. July 1, 2026).

In *West Virginia v. B.P.J.*, 609 U.S. ----, --- S. Ct. ---- (2026), the Supreme Court of the United States held that states and/or schools may determine eligibility for female sports based on biological sex, without running afoul of Title IX of the Education Amendments of 1972, codified at 20 U.S.C. § 1681 ("Title IX"), or the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution (the "Equal Protection Clause"). The *B.P.J.* decision supports the School Defendants' arguments in this case.

## ARGUMENT

### *B.P.J.* REITERATES THE NECESSITY FOR DEFERENCE TO STATE LEGISLATURES

The Court previously requested supplemental briefing regarding the impact of another recent Supreme Court decision, *United States v. Skrmetti*, 605 U.S. 495, 145 S. Ct. 1816 (2025), on the instant case. In *Skrmetti*, the Supreme Court addressed whether Tennessee's statute restricting sex transition treatments for minors violated the Equal Protection Clause and concluded that it did not. 605 U.S. at 509–10.

In their joint supplemental brief addressing *Skrmetti*, the School Defendants highlighted the *Skrmetti* Court's insistence that contentious medical and policy questions regarding transgender minors carry with them "fierce scientific and policy debates" that were more appropriately left to the legislative process in the states. *See Joint Supplemental Brief of the School Defendants-Appellees*, Dkt. 185, at 1–2 (quoting *Skrmetti*, 605 U.S. at 525). The School Defendants also noted the importance of one *Skrmetti* concurrence, which instructed that, especially in fierce and evolving policy debates, "it is imperative that courts treat state legislation with 'a strong presumption of validity.'" *Id.* For these reasons, the *Skrmetti* decision weighed heavily in favor of the School Defendants'

position in this case, because Oklahoma's S.B. 615 is entitled to deference and presumptive validity. *B.P.J.* reinforces this conclusion.

*B.P.J.* reviewed two state statutes restricting participation in female sports to female students. 609 U.S. --, 2026 WL 1868739, at *4. Like S.B. 615, compliance with the statutes was mandatory, and the West Virginia statute created a private cause of action to allow recovery for individuals that suffered harm because of a school's failure to comply. *See* W. VA. CODE § 18-2-25D(d); IDAHO CODE § 33-6203(2). Neither the West Virginia nor the Idaho statute threatened the coercive financial penalty—a 5% reduction in state funding—that S.B. 615 does, which underscores the uniquely coercive nature of Oklahoma's law. However, the Court did not have occasion to address the coercive nature of the statutes, because that issue was not raised on appeal.

The questions presented in *B.P.J.* were focused on the constitutionality and legality of the statutes themselves, not the schools' liability for merely complying with mandatory state laws. In the end, the *B.P.J.* Court held that restricting female sports to biological females did not violate Title IX or the Equal Protection Clause. *Id.*

The *B.P.J.* decision echoes the prior *Skrmetti* decision, once again resolving that the "fierce scientific and policy debates" at issue could not be answered by the Equal Protection Clause. *Id.* at \*15. Moreover, the Supreme Court held that the Equal Protection Clause does not give federal courts "license to decide" such policy issues as they see best. *Id.* Rather, the Supreme Court cautioned that "questions regarding [a law's] policy" should be left "to the people, their elected representatives, and the democratic process." *Id.*

Plaintiffs argue that the School Defendants should have ignored the mandate of S.B. 615 because of what Plaintiffs perceive to be its direct conflict with Title IX and the Equal Protection Clause. *See* <u>Plaintiff's Reply Br.</u>, Dkt. 156, at 37–38. This supposed conflict is called into serious question by the Supreme Court's holdings in *Skrmetti* and *B.P.J.* But, even if the Supreme Court were to strike down S.B. 615 as violative of Title IX and/or the Equal Protection Clause, that does not mean that the School Defendants must willfully disobey the law in the meantime. Rather, the Supreme Court would blatantly contradict itself if it, on one hand, cautioned that state legislation is presumptively constitutional, while, on the other hand, it sanctioned schools and other political

subdivisions to ignore the presumptively valid laws that state legislatures enact.

Plaintiffs' strained application of the Supremacy Clause does not square with the Supreme Court's deference to the state legislative process as set forth in *Skrmetti* and *B.P.J.* As such, the School Defendants ask that the Court affirm the lower court's judgment in their favor, because the School Defendants cannot be liable under Title IX or the Equal Protection Clause for merely complying with State law.

## CONCLUSION

The School Defendants respectfully request that the Court find the School Defendants cannot be liable merely for complying with the requirements of a presumptively valid state law.

**Respectfully submitted,**

*s/Adam T. Heavin*
Kent B. Rainey, OBA 14619
Alison A. Parker, OBA 20741
Adam T. Heavin, OBA 34966
ROSENSTEIN, FIST & RINGOLD
525 South Main, Suite 700
Tulsa, Oklahoma 74103
(918) 585-9211
borainey@rfrlaw.com
aparker@rfrlaw.com
adamheavin@rfrlaw.com

***Counsel for Moore Public
Schools and Noble Public
Schools***

*s/Justin C. Cliburn*
Laura L. Holmes, OBA 14748
Justin C. Cliburn, OBA 32223
THE CENTER FOR EDUCATION LAW, P.C.
900 N. BROADWAY, SUITE 300
Oklahoma City, Oklahoma 73102
(405) 528-2800
lholmes@cfel.com
jcliburn@cfel.com

***Counsel for Oklahoma City
Public Schools and Harding
Charter School District***

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that:

1.     This Supplemental Brief complies with the type-volume limitations of this Court's Order, dated July 1, 2026, providing that the parties' supplemental submissions shall be no longer than 10 pages in a 13- or 14-point font, because it contains 5 pages prepared in 14-point Century Schoolbook font. *See* Order, Dkt. 203 (10th Cir. July 1, 2026).

2.     This Supplemental Brief complies with the typeface and type style requirements of Rule 32(a)(5) and (6) of the Federal Rules of Appellate Procedure and Tenth Circuit Rule 32(A) because this Supplemental Brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

*s/Adam T. Heavin*
Adam T. Heavin

## CERTIFICATE OF DIGITAL SUBMISSION

I hereby certify that a copy of the foregoing *Joint Supplemental Brief of the School Defendants-Appellees*, as submitted in Digital Form via the court's ECF system, has been scanned for viruses with the commercial virus scanning software Cynet, version 4.33.2.21175, last updated on July 29, 2026, and according to the program is free of viruses. In addition, I certify all required privacy redactions have been made.

*s/Adam T. Heavin*
Adam T. Heavin

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 29, 2026, I electronically transmitted the attached document to the Clerk of the Tenth Circuit Court using the Electronic Case Filing System for filing. Based on the records currently on file in this case, the Clerk of the Tenth Circuit Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

*s/Adam T. Heavin*
Adam T. Heavin